**MICHAEL H. YI (SBN 269025)**
**LAW OFFICES OF MICHAEL H. YI**
**3435 Wilshire Blvd. Suite 1045**
**Los Angeles, CA 90010**
**Telephone:    (213) 377-5447**
**Facsimile:    (213) 377-5448**
**myi@yimadrosenlaw.com**

**Attorney for Defendant,**
**Jason Sungyoung Sung**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | CASE NO.: 2:17-bk-18746-ER |
| | ADV. NO.: 2:22-ap-01198-ER |
| AAA AMERICAN CONSTRUCTION, INC. | Chapter 7 |
| Debtor. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT; DECLARATION OF JASON SUNGYOUNG SUNG IN SUPPORT THEREOF** |
| SAM LESLIE, solely in his capacity as Chapter 7 Trustee | |
| Plaintiff, | |
| v. | |
| JASON SUNGYOUNG SUNG | |
| Defendant, | |

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant, Jason Sungyoung Sung, ("Defendant"), submits this memorandum in support of Defendant's opposition to plaintiff, Sam S. Leslie's, ("Plaintiff"), motion for entry of default judgment.

## I. INTRODUCTION

Plaintiff seeks treble damages, attorney fees and costs in addition to turn over of the CSLB issued warrant number 04-513132 dated April 8, 2021 in the amount of $15,994.19 (the "Warrant"), under California Penal Code Section 496(c). Defendant opposes Plaintiff's motion for default judgment as to the treble damages, attorney fees and costs but does not oppose surrender of the Warrant to the Plaintiff. Defendant's opposition is based on grounds that Defendant has not committed conversion or "theft" of bankruptcy estate property.

## II. STATEMENT OF RELEVANT FACTS

On July 18, 2017, Defendant caused AAA American Construction, Inc. ("Debtor") to file bankruptcy under chapter 7. *See* Declaration of Jason Sungyoung Sung ("Sung Decl.") ¶ 1. After Defendant settled an adversarial proceeding known as Sam S. Leslie v. Slauson Oil, Inc. bearing case number 2:19-bk-01225-ER, Defendant erroneously believed that the Debtor's bankruptcy case was completed as of June 5, 2020 when Defendant settled this matter on behalf of Slauson Oil, Inc. which is owned by Defendant's wife, Woo Sim Lee. *See* Sung Decl. ¶ 3, 4.

Under Defendant's mistaken believe that the Debtor's bankruptcy case was also resolved with the settlement of the Slauson Oil adversary proceeding, Defendant requested that the contractor's license bond in the amount of $15,994.19 (the "Warrant") be released to Defendant instead of being released under the Debtor's name because Defendant believed that the Debtor entity no longer existed. Defendant was never advised by his former attorney, Young Chang, that the Warrant was an asset of the Debtor and should have been listed under the Debtor's schedules. *See* Sung Decl. ¶ 2; *see also* Exhibit "1" attached to Plaintiff's Motion for Default

Judgment, Defendant's letter to Contractor's State License Board ("CSLB") dated March 10, 2021 requesting that the check be issued to Defendant because the Debtor entity was "closed."

From on or about August 12, 2022 through January 10, 2023, Defendant was out of town on business and Defendant failed to respond to the instant lawsuit demanding treble damages, attorney fees, and costs in connection with the Warrant which Defendant failed to turn over due to a mistaken belief that the Debtor's bankruptcy case was completed. *See* Sung Decl. ¶ 6.

On or about February 10, 2023, Defendant met with attorney Michael H. Yi, and learned that the Debtor's bankruptcy case was active and that the instant lawsuit sought treble damages, attorney fees and costs in connection with the Warrant. *See* Sung Decl. ¶ 5. Defendant never intended to convert or commit an act of "theft" by requesting the Warrant from the CSLB. *See* Sung Decl. ¶ 7. Defendant intends to surrender the full value of the Warrant to Plaintiff. *See* Sung Decl. ¶ 8.

Therefore, the Defendant respectfully requests that Plaintiff's Motion for Default Judgment be limited to the value of the Warrant.

### III.   LEGAL ARGUMENT

**A. Defendant Concedes to Turning Over the Contractor's Bond as Property of the Debtor's Estate Under 11 U.S.C. Section 541(a)(1)**

Under 11 U.S.C. Section 541(a)(1), the estate is comprised of property wherever located and by whomever held, including all legal and equitable interests of the debtor in property as of the commencement of the case.

Here, Defendant admits that the Warrant is property of the bankruptcy estate and therefore agrees to surrender the Warrant to Plaintiff. Therefore, the Warrant Defendant admits that the Warrant should be turned over to the Plaintiff as he is the chapter 7 trustee administrating over the Debtor's estate.

//

**B. Treble Damages, Attorney Fees, and Costs Should Not Be Awarded because Defendant Has Not Committed "Theft" to Justify an Award Under California Penal Code Section 496(c).**

Under California Penal Code section 496(c), "Any person who has been injured by a violation of subdivision (a) or (b) [of this statute] may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees. A violation may be found to have occurred if the person engaged in the conduct described in the statute. (*Lacagnina v. Comprehend Systems, Inc.* (2018) 25 Cal.App.5th 955, 970. The elements required to show a violation of section 496(a) are simply that (i) property was stolen or obtained in a manner constituting theft, (ii) the defendant knew the property was so stolen or obtained, and (iii) the defendant received or had possession of the stolen property. ( *Id.*).

Here, Defendant did not know that the Warrant was property of the bankruptcy estate until February 10, 2023 when Defendant obtained legal advice from attorney Michael H. Yi. Defendant was never advised by his former attorney Young Chang that the Warrant should have been listed on the bankruptcy schedule. After Defendant settled the adversary proceeding with the Plaintiff involving Slauson Oil, which is a company owned by Defendant's wife, Defendant was under the erroneous belief that the Debtor's bankruptcy case was also completed as of June 5, 2020 when he settled the Slauson Oil matter. Defendant did not understand the nature of the instant lawsuit until February 10, 2023 because Defendant was out of town from August 12, 2022 through January 10, 2023 on business.

In this case, Defendant's liability for treble damages under 496(c) differs from the defendant in *Siri Investment, LP v. Farkhondehpour* (2022) 13 Cal.5th 333 relied on by Plaintiff insofar as the defendant in that case was found by a jury to have committed fraud by diverting proceeds of the partnership to his own personal coffers. (*Id.* at p. 361). In every case where the court has awarded treble damages under 496(c), there is a requirement that the wrongdoer was found to possess some kind of intent to defraud the injured party rising to the level of "theft."

Here, Defendant did not attempt to actively conceal the Warrant from Plaintiff nor did he attempt to defraud Plaintiff, and this Court has never made a finding that Defendant acted as such. In this case, Defendant was simply never advised by his former attorney, Young Chang, that the Warrant was part of the bankruptcy estate and should have been listed as an asset of the Debtor. After Defendant settled the adversary proceeding with Plaintiff involving his wife's company, Slauson Oil, Defendant believed erroneously that the Debtor's bankruptcy case was also finalized through the settlement of the Slauson Oil matter. Defendant only learned that the Warrant was property of the Debtor's estate which was continuing to be administered by the Plaintiff on February 10, 2023 when Defendant was so advised by his present attorney, Michael H. Yi.

Therefore, Defendant lacks the mens rea to justify treble damages, attorney fees, and costs of this suit under California Penal Code Section 496(c), which requires some kind of "theft" by the wrongdoer.

**C. Defendant's Failure to Respond to Plaintiff's Complaint Should Not Create a Liability for Treble Damages, Attorney Fees, and Costs.**

Under Federal Rules of Civil Procedure 60(b)(1), a party may be relieved of a final judgment or order by filing a motion based on grounds where there was a mistake, inadvertence, surprise or excusable neglect.

Here, Defendant has not filed a motion for relief under Federal Rules of Civil Procedure 60(b)(1) but nevertheless has grounds to do so as Defendant was out of town on business when the instant lawsuit commenced. However, Defendant admits that the Warrant is property of the bankruptcy estate. Moreover, Defendant should not be found to have committed "theft" for failing to respond to Plaintiff's complaint which would produce a draconian result. "The general rule of law is that upon default the factual allegations of the complaint, *except those relating to the amount of damages,* will be taken as true. *TeleVideo Systems, Inc. v. Heidenthal,* 826 F.2d 915 at 917-918. In this case, Plaintiff's allegation that he is entitled to treble damages, attorney's

fees and costs relates to the amount of damages and therefore should not be imputed to Defendant for failing to respond causing the default to be entered against him.

Therefore, Defendant's liability for treble damages, attorney's fees and costs of the instant lawsuit should not be imputed against him for failing to respond to this Complaint.

### IV.    CONCLUSION

In conclusion, the Defendant respectfully requests for the foregoing reasons that the Court deny Plaintiff's request for treble damages, attorney fees and costs on condition that Defendant turn over the Warrant to Plaintiff.

.

LAW OFFICE OF MICHAEL H. YI

Dated: March 3, 2023                    *Michael Yi*
                                        Michael H. Yi